UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT VAN VALIN, et al., )
)
Plaintiffs, )
)
v. )
) Civil Action No. 08-cv-00941
THE HONORABLE CARLOS )
GUTIERREZ, in his official capacity as the )
Secretary of Commerce, et al., )
)
Defendants. )

**JOINT MOTION TO AMEND TEMPORARY RESTRAINING ORDER**

On June 10, 2008, the Parties jointly submitted a proposed order reflecting the Court's June 10, 2008 decision to grant Plaintiffs' motion for a temporary restraining order. *See* Dckt. No. 6. The Court entered the Order on June 11, 2008, *nunc pro tunc*, after making certain revisions. *See* Dckt. No. 8. The proposed order explained that, because 50 C.F.R. § 300.65(d)(2)(i) was being temporarily enjoined, the daily bag limit restriction that was applicable in the International Pacific Halibut Commission Area 2C previously found at 50 C.F.R. § 300.65(d) (2007) would again become effective.

The proposed order failed to explain that a related restriction regarding retention of halibut carcasses previously found at 50 C.F.R. § 300.66(m) (2007) would likewise need to again become effective to facilitate enforcement of the previous daily bag limit restriction for International Pacific Halibut Commission ("IPHC") Area 2C previously found at 50 C.F.R. § 300.65(d) (2007). *See* 72 Fed. Reg. 30714, 30727-28 (June 4, 2007). Therefore, pursuant to

Fed. R. Civ. P. 59(e), the Parties jointly move the Court to enter the proposed amended order granting Plaintiffs' motion for a temporary restraining order, which explains that the restriction regarding retention of halibut carcasses previously found at 50 C.F.R. § 300.66(m) (2007) will again become effective.

Respectfully submitted this 13th of June, 2008.

                                            RONALD J. TENPAS
Assistant Attorney General

JEAN E. WILLIAMS
Chief, Wildlife & Marine Resources Section

s/ *Robert P. Williams*
ROBERT P. WILLIAMS, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0210 (ph)
(202) 305-0275 (fx)
robert.p.williams@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SCOTT VAN VALIN, et al.,<br><br>        Plaintiffs,<br><br>     v.<br><br>THE HONORABLE CARLOS GUTIERREZ, in his official capacity as the Secretary of Commerce, et al.,<br><br>        Defendants. | Civil Action No. 08-cv-00941 |

## ORDER

The Court, having considered Plaintiffs' motion for a temporary restraining order and/or a preliminary injunction, concludes that Plaintiffs have demonstrated a likelihood of success on the merits of their claims that the final rule adopted by the National Marine Fisheries Service is in violation of the Administrative Procedure Act. The Court also finds that Plaintiffs have demonstrated that the balance of harms tips in favor of a stay because Plaintiffs would suffer irreparable harm if the rule is implemented and that Plaintiffs meet all factors favoring an injunction.

Accordingly, Plaintiffs' motion should be and hereby is GRANTED. It is further ORDERED that, pending a hearing on whether a preliminary injunction should issue, Defendants, and their officers, agents, employees, and attorneys are hereby ENJOINED and RESTRAINED from giving any effect to or otherwise taking any action to enforce the one-halibut daily bag limit restriction for charter vessel anglers found at 50 C.F.R. § 300.65(d)(2)(i). The daily bag limit restriction that was applicable in the International Pacific Halibut

Commission ("IPHC") Area 2C previously found at 50 C.F.R. § 300.65(d) (2007) shall again become effective:

> § 300.65 Catch sharing plan and domestic management measures in waters in and off Alaska.
>
> (d) In Commission Regulatory Area 2C, halibut harvest on a charter vessel is limited to no more than two halibut per person per calendar day provided that at least one of the harvested halibut has a head-on length of no more than 32 inches (81.3 cm). If a person sport fishing on a charter vessel in Area 2C retains only one halibut in a calendar day, that halibut may be of any length.

*See* 72 Fed. Reg. 30714, 30727 (June 4, 2007).

In addition, the related restriction regarding retention of halibut carcasses previously found at 50 C.F.R. § 300.66(m) (2007) shall again become effective. That restriction provided, in pertinent part, that: "Filleted halibut may be possessed onboard the charter vessel provided that the entire carcass, with the head and tail connected as single piece, is retained onboard until all fillets are offloaded." *See* 72 Fed. Reg. 30714, 30728. Thus, when filleted halibut are retained onboard the charter vessel in IPHC Area 2C in accordance with Annual Management Measure 28(2), as set forth at 73 Fed. Reg. 12280, 12292 (March 7, 2008), the entire carcass, with the head and tail connected as a single piece, must be retained onboard until all fillets are offloaded. *See id.*; 72 Fed. Reg. at 30728.

The hearing on Plaintiffs' motion for a preliminary injunction will be held on June 20, 2008 at 4:00 pm.

SO ORDERED

Entered this 13th day of June, 2008.

_____
Honorable Rosemary M. Collyer
United States District Judge