**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCOTT VAN VALIN, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE HONORABLE CARLOS )<br>GUTIERREZ, in his official capacity as the )<br>Secretary of Commerce, et al., )<br><br>Defendants. )<br> ) | Civil Action No. 08-cv-00941 |

**FEDERAL DEFENDANTS' MOTION TO
CONTINUE PRELIMINARY INJUNCTION HEARING**

On June 10, 2008, the Court granted Plaintiffs' motion for a temporary restraining order

and set a hearing for June 20, 2008 at 4:00 pm on Plaintiffs' motion for a preliminary injunction.

Pursuant to Fed. R. Civ. P. 65(b)(2), Defendants Carlos Gutierrez, in his official capacity as the

U.S. Secretary of Commerce, Conrad C. Lautenbacher, Jr., in his official capacity as

Administrator of the U.S. National Oceanic and Atmospheric Administration, and James W.

Balsiger, in his official capacity as the Acting Assistant Administrator of the U.S. National

Oceanic and Atmospheric Administration (collectively referred to as "Federal Defendants"),

hereby request that the Court continue the June 20 hearing – and with it, the temporary

restraining order – for a period of ten days, until June 30, 2008.  Undersigned counsel has

conferred with counsel for Plaintiffs, John Butler, who indicated that Plaintiffs oppose Federal

Defendants' request to continue the temporary restraining order.  Given the impending hearing

date of June 20, Federal Defendants respectfully request that the Court grant the instant request

expedited consideration.

As set forth below, and in the accompanying declaration of Dr. James W. Balsiger, good cause exists for extending the temporary restraining order until June 30:

1.      Management of the Pacific halibut fisheries pursuant to a treaty between the United States and Canada, the Northern Pacific Halibut Act of 1982, and the regulations found 50 C.F.R. § 300.65(c), are considered to be of the utmost importance to NMFS.  Balsiger Decl. ¶ 5.

2.      The one-halibut daily bag limit at issue in this case was designed to help limit harvest of Pacific halibut by the guided sport charter vessel anglers in International Pacific Halibut Commission ("IPHC") Area 2C of Southeast Alaska to the guideline harvest level ("GHL") for that area.  73 Fed. Reg. 30504 (May 28, 2008).

3.      In the absence of the management measures set forth in NMFS' final rule, including the one-halibut daily bag limit, the charter sector is expected to "substantially exceed the GHL" in 2008.  *Id.*  The charter fishery is not closed when the GHL is reached.  *Id.*  As a result of the Temporary Restraining Order entered in this case, it is likely that additional harvest of halibut is currently occurring and that was not contemplated by NMFS when it published its final rule.  Balsiger Decl. ¶ 5.

4.      Plaintiffs' request for a preliminary injunction in this case has significant implications for the halibut fishery because the peak season for the charter halibut sector is the months of June, July, and August.  Should a preliminary injunction be issued enjoining enforcement of the one-halibut daily bag limit during the peak season, it likely would eliminate NMFS' ability to limit harvest by the guided sport charter vessel segment to the GHL for this year.

2

5.      Given the significant implications raised by Plaintiffs' request for a preliminary injunction, it is critical that the agency have the opportunity to clarify the legal authority used by it to manage Pacific halibut and to present additional relevant information and explanation to the Court as to why its final rule was lawful and necessary for the conservation and management of the Pacific halibut fishery.   Balsiger Decl. ¶ 6.

6.      Federal Rule 65(b)(2) states, in pertinent part, that "[e]very temporary restraining order . . . expires at the time after entry--not to exceed 10 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."

7.      In this case, Federal Defendants consent to extending the temporary restraining order for an additional ten days, to June 30.  Good cause for such an extension exists because it will allow NMFS to gather supporting documentation and prepare an opposition brief that adequately presents this additional information to the Court.  The requested extension is warranted given the critical importance of long term management of the Pacific halibut fishery and the complexities involved in this case.

8.      Therefore, Federal Defendants propose that they be allowed to file an opposition brief no later than Friday, June 20, and that Plaintiffs be granted until Friday, June 27 to file a response.  Federal Defendants further propose that, subject to the Court's availability, a hearing on Plaintiffs' preliminary injunction motion be held on Monday, June 30.

9.      Counsel for Plaintiffs, John Butler, has indicated to undersigned counsel that Plaintiffs oppose continuing the June 20, 2008 hearing on Plaintiffs' motion for a preliminary injunction, and have requested that Federal Defendants file their opposition brief no later than noon on Wednesday, June 18 in advance of the scheduled June 20 hearing.  Simply stated, a

3

deadline of noon on Wednesday, June 18 does not afford Federal Defendants with the amount of time and attention to prepare an opposition brief to which this case is deserving.

10.     Mr. Butler has indicated to undersigned counsel that he will out of the office from approximately June 22-July 7.  In the ordinary case, Federal Defendants would make every effort to accommodate counsel's schedule, however given that a temporary restraining order has been entered and that the peak charter season is currently underway, continuing the temporary restraining order until counsel's return in July would prejudice Federal Defendants.

Respectfully submitted this 16th of June, 2008.

> RONALD J. TENPAS
> Assistant Attorney General
>
> JEAN E. WILLIAMS
> Chief, Wildlife & Marine Resources Section
>
> s/ *Robert P. Williams*
> ROBERT P. WILLIAMS, Trial Attorney
> U.S. Department of Justice
> Wildlife & Marine Resources Section
> Benjamin Franklin Station, P.O. Box 7369
> Washington, DC 20044-7369
> (202) 305-0210 (ph)
> (202) 305-0275 (fx)
> robert.p.williams@usdoj.gov
>
> ***Attorneys for Federal Defendants***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT VAN VALIN, et al.,                    )
                                            )
                                            )
          Plaintiffs,                       )
                                            )
     v.                                     )     Civil Action No. 08-cv-00941
                                            )
THE HONORABLE CARLOS                        )
GUTIERREZ, in his official capacity as      )
Secretary of Commerce, et al.,              )
                                            )
          Defendants.                       )
                                            )
_____   )

DECLARATION OF DR. JAMES W. BALSIGER

     I, DR. JAMES W. BALSIGER, declare:

     1.      I am the Acting Assistant Administrator of the National Marine Fisheries

Service ("NMFS"), National Oceanic and Atmospheric Administration ("NOAA"), of the

United States Department of Commerce.

     2.      As part of my official duties, I am responsible for coordinating all aspects

of NMFS's scientific and policy programs to ensure their effectiveness for the scientific

study, management, and conservation of the living marine resources in the exclusive

economic zone of the U.S., including Pacific halibut in accordance with the Northern

Pacific Halibut Act of 1982.

     3.      On May 28, 2008, NMFS published a final rule implementing

management measures to limit harvest of Pacific halibut by the guided sport charter

vessel anglers in International Pacific Halibut Commission (IPHC) Area 2C of Southeast

Alaska to the guideline harvest level (GHL) for that area. The GHL was established by

the NMFS, upon recommendation by the North Pacific Fishery Management Council, as

a benchmark for monitoring the charter vessel fishery relative to the commercial fishery

and other sources of fishing mortality. The fishery is not closed when the GHL is

reached, but it is the Council's policy that the charter vessel fishery should not exceed the

GHL. The May 28, 2008 final rule was consistent with that policy, establishing

management measures to keep the charter vessel fishery from exceeding the GHL.

   4.  On June 10, 2008, the United States District Court for the District of

Columbia issued a Temporary Restraining Order enjoining and restraining the agency

from giving regulatory effect to a one-halibut daily bag limit that was specified in the

May 28, 2008 final rule.

   5.  Management of the Pacific halibut fisheries pursuant to a treaty between

the United States and Canada, the Northern Pacific Halibut Act of 1982, and the

regulations found 50 CFR sec. 300.65(c) is considered to be of utmost importance to

NMFS. As a result of the Temporary Restraining Order, it is likely that additional

harvest of halibut is currently occurring that was not contemplated by the NMFS when it

published its final rule.

   6.  Therefore, it is critical to NMFS that it has the opportunity to clarify the

legal authority used by the agency to manage Pacific halibut and to present additional

relevant information and explanation to the Court as to why its action was lawful and

necessary for the conservation and management of the Pacific halibut fishery. Given the

critical importance of long term management of the Pacific halibut fishery and the

complexities involved in this case, I have determined that an extension of time is warranted to present this additional information and explanation to the Court.  I reached this determination after carefully weighing the importance of extending the Temporary Restraining Order for a limited period of time with the concern of allowing additional harvest of halibut to occur that was not contemplated by the NMFS when it published its final rule.

Pursuant to 28 U.S.C. section 1746, I swear under penalty of perjury that the foregoing is true and correct.

DR. JAMES W. BALSIGER
Acting Assistant Administrator
National Marine Fisheries Service

6·16·08
DATE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT VAN VALIN, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE HONORABLE CARLOS )<br>GUTIERREZ, in his official capacity as the )<br>Secretary of Commerce, et al., )<br><br>Defendants. ) | Civil Action No. 08-cv-00941 |

## [PROPOSED] ORDER

The Court, having considered Federal Defendants' motion to continue preliminary injunction hearing, concludes that, for the reasons set forth in Federal Defendants' motion and the accompanying Declaration of Dr. James W. Balsiger, good cause exists to continue the preliminary injunction hearing – and with it, the temporary restraining order – for a period of ten days, until June 30, 2008.

Accordingly, Plaintiffs' motion should be and hereby is GRANTED.  It is further ORDERED that Federal Defendants shall file an opposition brief no later than Friday, June 20. Plaintiffs shall file a response thereto no later than Friday, June 27.

The hearing on Plaintiffs' motion for a preliminary injunction will be held on June 30, 2008.

SO ORDERED

      Entered this 17th day of June, 2008.

                                         _____

                                         Honorable Rosemary M. Collyer
                                         United States District Judge