IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT VAN VALIN, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| Carlos M. Gutierrez, in his Official Capacity as Secretary of the U.S. DEPARTMENT OF COMMERCE, | )<br>)<br>)<br>) |
| | )   Civil Action No. 1:08-cv-941 |
| Conrad C. Lautenbacher, Jr., in his Official Capacity as Administrator of the U.S. NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, | )<br>)<br>)<br>)<br>)<br>) |
| James W. Balsiger, in his Official Capacity as Acting Assistant Administrator of the U.S. NATIONAL MARINE FISHERIES SERVICE, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' OPPOSITION TO MOTION OF THE INTERNATIONAL PACIFIC HALIBUT COMMISSION FOR LEAVE TO APPEAR AS *AMICUS CURIAE***

Plaintiffs Scott Van Valin, Ken Dole, Larry McQuarrie, Rick Bierman, Edwin Haney, Case Harris, Tom Ohaus, Carl "Chip" Porter, Patty Seaman, Theresa Weiser, and Donald Westlund, through counsel, respectfully submit this opposition to the Motion of the International Pacific Halibut Commission for Leave to Appear as *Amicus Curiae* for purposes of opposing Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiffs do not oppose granting the International Pacific Halibut Commission ("IPHC") *amicus curiae* status for purposes of briefing the merits of this case, although we submit that their participation is of little use to the court in light of the Secretary's numerous and explicit statements in the record that the

rule at issue "is not expected to significantly impact the sustainability of the halibut stock." 73 Fed. Reg. 30507.

As the motion by the IPHC states (at 2), the court has broad discretion to grant parties leave to appear as *amicus curiae* "if the information offered is timely and useful." *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (internal citations omitted). However, the submission by the IPHC is neither timely nor useful. It is clearly not timely for purposes of participation at the preliminary injunction stage, because the submission is being made less than 48 hours prior to a hearing that was announced by the Court eight days ago, on June 10, and over two weeks after Plaintiffs filed their initial complaint and request for injunctive relief.

It is also not useful. The motion states that the IPHC "promulgated the commercial catch limits for the IPHC regulatory areas, which were adopted by the United States, *and which are the subject of the regulations at issue in this case.*" IPHC Motion at 2 (emphasis added). The regulations at issue in this case concern restrictions on recreational anglers fishing from charter vessels in IPHC Regulatory Area 2C promulgated by the Secretary of Commerce, not commercial catch limits promulgated by the IPHC.

Further, the declaration of Bruce M. Leaman, which the motion seeks to have admitted in support of Defendants, is not useful because it makes assertions that the Secretary has already considered and rejected in the final rule. Mr. Leaman asserts that "[e]xceeding the GHL specified for 2008 in Area 2C will mean that the combined removals by all sectors will exceed the Commission's conservation targets ... to the detriment of the halibut stock in this area." Leaman Declaration at 9.

The Secretary acknowledged in the final rule that "the procedures used by the IPHC can lead to harvests in excess of the Total CEY in a year," 73 Fed. Reg. 30517 ( response to comment 78), and went on to specifically address the assertion that harm would occur to the halibut stock if the charter industry was not held to the GHL saying:

> NMFS agrees that if the guided charter fishery grows in any single year, halibut removals will exceed planned IPHC removals in the short run and the actual harvest rate may be greater than the rate on which the CEY for a year is based. However, in the medium and long term, the IPHC will adjust its harvest allowances for the commercial setline fishery to take account of changes in the guided charter harvests. While this process will take place gradually over time, NMFS does not expect it to seriously affect the health of the halibut stock....

73 Fed. Reg. 30518 (response to comment 82). The Secretary also said that "[f]urthermore, the environmental analysis prepared for this rule did not find that failure to limit the guided sport charter vessel halibut harvest to the GHL would cause significant environmental impacts on the resource." *Id.*

In addition to the fact that the Secretary has already addressed precisely the concern that Mr. Leaman raises in his declaration, Exhibit 1 of his declaration casts serious doubt on the legitimacy of the concern Mr. Leaman expresses on behalf of the IPHC. Exhibit 1 shows that the 2008 Total CEY for Area 2C as determined by the IPHC was 6.50 million pounds, yet the IPHC then went on to adopt a 2008 Commercial Catch Limit of 6.21 million pounds – an amount that leaves only 0.29 million pounds of halibut for all other users. Since Exhibit 1 also clearly shows that the IPHC estimated "Other Removals" by all other users to be 2.59 million pounds (even assuming only 0.931 million pounds for charter users), the IPHC by its own actions demonstrated that exceeding its target Total CEY by 2.30 million pounds is not a significant concern. The IPHC has already given the commercial fleet the benefit for 2008 of the new lower GHL by assuming that number in its calculations – yet even with that benefit already included,

3

the IPHC saw fit to grant the commercial fleet 96 percent of the Total CEY. In light of the facts demonstrated in Exhibit 1, it is understandable why the Secretary stated in response to assertions that there is a conservation issue that "NMFS disagrees." 73 Fed. Reg. 30518 (response to comment 81).

Because the motion by the IPHC to participate as *amicus curiae* is neither timely nor useful, it should be denied for purposes of the Court's deliberations on Plaintiffs' outstanding Motion for Preliminary Injunction.

                         Respectfully submitted,

                         /s/ John W. Butler
                         John W. Butler (D.C. Bar No. 437370)
                         Robert K. Magovern (D.C. Bar No. 497862)
                         SHER & BLACKWELL LLP
                         1850 M Street, N.W.
                         Suite 900
                         Washington, DC 20036
                         (202) 463-2500 (Main)
                         (202) 463-2510 (Direct)
                         (202) 365-0059 (Cell)

                         Earl W. Comstock
                         COMSTOCK CONSULTING LLC
                         6225 30th Street, N.W.
                         Washington, DC 20015
                         (202) 255-0273

                         *Counsel for Plaintiffs*

June 19, 2008

## CERTIFICATE OF SERVICE

      Plaintiffs hereby certify that, in addition to service to the Defendants via the Court's ECF system, the following Opposition to Motion For Leave to Appear as *Amicus Curiae* was also served on the individuals listed below via email and first class mail. Plaintiffs also separately informed these individuals by email that the Court's hearing is scheduled for 10:00 am on Friday, June 20, 2008.

Christopher T. Koegel
Manatt, Phelps & Phillips, LLP
700 12th Street, NW
Suite 1100
Washington, DC 20005
CKoegel@manatt.com

George J. Mannina, Jr.
Paul L. Knight
O'Connor & Hannan, L.L.P.
1666 K Street, N.W.
Suite 500
Washington, DC 20006-2803
gmannina@oconnorhannan.com
pknight@oconnorhannan.com

_____
Robert K. Magovern