## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT VAN VALIN, et al.,      ) | |
|                  ) | |
|         Plaintiffs,     ) | |
|                  ) | |
|     v.                ) | Civil Action No. 08-cv-00941 |
|                  ) | |
| THE HONORABLE CARLOS     ) | |
| GUTIERREZ, in his official capacity as the   ) | |
| Secretary of Commerce, et al.,    ) | |
|                  ) | |
|         Defendants.    ) | |
|                  ) | |
|                  ) | |

## FEDERAL DEFENDANTS' ANSWER

Defendants Carlos Gutierrez, in his official capacity as the U.S. Secretary of Commerce, Conrad C. Lautenbacher, Jr., in his official capacity as Administrator of the U.S. National Oceanic and Atmospheric Administration, and James W. Balsinger, in his official capacity as the Acting Assistant Administrator of the U.S. National Oceanic and Atmospheric Administration (collectively referred to as "Federal Defendants"), by and through their undersigned counsel, answer Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.      Paragraph 1 consists of a characterization of Plaintiffs' action, to which no response is required.

2.      The allegations in Paragraph 2 constitute conclusions of law, to which no response is required.

3.      The allegations in Paragraph 3 constitute conclusions of law, to which no

response is required.

4.      The allegations in Paragraph 4 constitute conclusions of law, to which no response is required.

5.      The allegations in Paragraph 5 constitute conclusions of law, to which no response is required.

6.      Paragraph 6 consists of a characterization of Plaintiffs' action, to which no response is required.

7.      The allegations contained in the first and third sentences and the first clause of the second sentence of Paragraph 7 purport to characterize the contents of a Federal Register notice found at 72 Fed. Reg. 74257 (Dec. 31, 2007), a document that speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the document's plain language or meaning.  The second clause of the second sentence is a conclusion of law, to which no response is required.

8.      The allegations contained in Paragraph 8 purport to characterize the contents of a Federal Register notice found at 72 Fed. Reg. 74257 (Dec. 31, 2007), a document that speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the document's plain language or meaning.

9.      The allegations contained in Paragraph 9 purport to characterize the contents of a Federal Register notice found at 72 Fed. Reg. 74257 (Dec. 31, 2007), a document that speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the document's plain language or meaning.

10.      The allegations contained in Paragraph 10 purport to characterize the contents of a Federal Register notice found at 72 Fed. Reg. 74257 (Dec. 31, 2007), a document that speaks

for itself and constitutes the best evidence of its contents.  Federal Defendants deny any

allegation contrary to the document's plain language or meaning.

      11.     The allegations contained in Paragraph 11 purport to quote from, and characterize

the contents of, a Federal Register notice found at 72 Fed. Reg. 74257 (Dec. 31, 2007), a

document that speaks for itself and constitutes the best evidence of its contents.  Federal

Defendants deny any allegation contrary to the document's plain language or meaning.

      12.     The allegations contained in Paragraph 12 purport to characterize the contents of

comments submitted in response to a Federal Register notice found at 72 Fed. Reg. 74257 (Dec.

31, 2007), documents that speaks for themselves and constitutes the best evidence of their

contents.  Federal Defendants deny any allegation contrary to the documents' plain language or

meaning.

      13.     The allegations contained in Paragraph 13 purport to characterize the contents of

comments submitted in response to a Federal Register notice found at 72 Fed. Reg. 74257 (Dec.

31, 2007), documents that speaks for themselves and constitutes the best evidence of their

contents.  Federal Defendants deny any allegation contrary to the documents' plain language or

meaning.

      14.     The allegations contained in Paragraph 14 purport to quote from, and characterize

the contents of, a Federal Register notice found at 73 Fed. Reg. 30504 (May 28, 2008), a

document that speaks for itself and constitutes the best evidence of its contents.  Federal

Defendants deny any allegation contrary to the document's plain language or meaning.

      15.     Federal Defendants deny the allegations contained in the first clause of Paragraph

15.  The remaining allegations in Paragraph 15 constitute conclusions of law, to which no

response is required.  To the extent a response is required, Federal Defendants deny the

allegations.

16.     Federal Defendants deny the allegations contained in Paragraph 16.

17.     Federal Defendants deny the allegations contained in Paragraph 17.

18.     Federal Defendants deny the allegations contained in Paragraph 18.

19.     Federal Defendants deny the allegations contained in Paragraph 19.

20.     Paragraph 20 consists of a characterization of Plaintiffs' action, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to any of the relief requested, or to any relief whatsoever.

21.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Federal Defendants lack information sufficient to form a belief as to the truth of

4

the allegations contained in Paragraph 28.

29.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Federal Defendants admit the allegations contained in the first sentence of Paragraph 33.  The allegations in the second sentence consist of a characterization of Plaintiffs' action, to which no response is required.

34.     The allegations in Paragraph 34 constitute conclusions of law, to which no response is required.

35.     Federal Defendants admit the allegations contained in the first sentence of Paragraph 35.  The allegations in the second sentence consist of a characterization of Plaintiffs' action, to which no response is required.

36.     Federal Defendants admit the allegations contained in Paragraph 36.

37.     Federal Defendants admit the allegations contained in the first sentence of Paragraph 37.  The allegations in the second sentence consist of a characterization of Plaintiffs' action, to which no response is required.

38.     Federal Defendants admit the allegations contained in Paragraph 38.

39.     The allegations contained in Paragraph 39 constitute conclusions of law, to which

no response is required.

40.    The allegations contained in Paragraph 40 purport to characterize the contents of the Northern Pacific Halibut Act of 1982 and its implementing regulations, which speak for themselves and constitute the best evidence of their contents.  Federal Defendants deny any allegation contrary to the statute's or the regulations' plain language or meaning.

41.    The allegations contained in Paragraph 41 purport to quote from, and characterize the contents of, the Northern Pacific Halibut Act of 1982, which speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the statute's plain language or meaning.

42.    The allegations contained in Paragraph 42 purport to quote from the Northern Pacific Halibut Act of 1982, which speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the statute's plain language or meaning.

## FACTS

43.    The allegations contained Paragraph 43 purport to characterize the contents of Federal Register notices found at 72 Fed. Reg. 74257 (Dec. 31, 2007) and 73 Fed. Reg. 30504 (May 28, 2008), which speak for themselves and constitute the best evidence of their contents. Federal Defendants deny any allegation contrary to the documents' plain language or meaning.

44.    The allegations contained in the first, second, third, and fourth sentences of Paragraph 44 purport to characterize the contents of a Federal Register notice found at 72 Fed. Reg. 74257 (Dec. 31, 2007), a document that speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the document's plain language or meaning.  Federal Defendants deny the allegations contained in the fifth sentence

6

and aver that there is insufficient data to determine whether charter harvest has peaked.  Federal

Defendants further aver that preliminary estimates indicate that the 2007 catch could exceed

catch in 2005.

45.     The allegations contained in the first, second, and third sentences of Paragraph 45

purport to characterize the contents of a Federal Register notice found at 68 Fed. Reg. 47256

(Aug. 8, 2003), a document that speaks for itself and constitutes the best evidence of its contents.

Federal Defendants deny any allegation contrary to the document's plain language or meaning.

Federal Defendants deny the allegations contained in the fourth sentence.

46.     Federal Defendants admit the allegations contained in Paragraph 46.

47.     Federal Defendants deny the allegations in Paragraph 47 and aver that the

Secretaries of State and Commerce rejected the one-halibut daily bag limit in 2007 because the

Secretary of State had received assurances that the regulatory authorities of the State of Alaska

and the Secretary of Commerce would be used to ". . . [impose] in Area 2C regulations that

would reduce halibut mortality to levels comparable to those that would be achieved through

implementation of the proposed IPHC sport charter regulation for the 2007 season."

48.     The allegations contained in Paragraph 48 purport to characterize the contents of

a Federal Register notice found at 72 Fed. Reg. 30714 (June 4, 2007), a document that speaks for

itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation

contrary to the document's plain language or meaning.

49.     Federal Defendants admit the allegations contained in Paragraph 49.

50.     The allegations contained in Paragraph 50 purport to characterize the contents of

a Federal Register notice found at 72 Fed. Reg. 74257 (Dec. 31, 2007), a document that speaks

for itself and constitutes the best evidence of its contents.  Federal Defendants deny any

allegation contrary to the document's plain language or meaning.

51.    The allegations contained in Paragraph 51 purport to quote from, and characterize the contents of, a Federal Register notice found at 73 Fed. Reg. 30504 (May 28, 2008), a document that speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the document's plain language or meaning.

"<u>ERRORS IN THE RULE</u>"

52.    The allegations contained in Paragraph 52 purport to quote from, and characterize the contents of, the Northern Pacific Halibut Act of 1982 and its implementing regulations, which speak for themselves and constitute the best evidence of their contents.  Federal Defendants deny any allegation contrary to the statute's or the regulations' plain language or meaning.

53.    The allegations contained in the first sentence of Paragraph 53 purport to characterize the contents of  Federal Register notices found at 72 Fed. Reg. 74257 (Dec. 31, 2007) and 73 Fed. Reg. 30504 (May 28, 2008), which speak for themselves and constitute the best evidence of their contents.  Federal Defendants deny any allegation contrary to the documents' plain language or meaning.  Federal Defendants deny the allegations in the second sentence and aver that the Council and the Secretary considered multiple factors besides ex-vessel value when determining the benefits and detriments for the halibut commercial sector and the halibut guided sport charter sector.

54.    The allegations contained in the first sentence of Paragraph 54 purport to characterize the contents of a Federal Register notice found at 68 Fed. Reg. 47256 (Aug. 8, 2003), a document that speaks for itself and constitutes the best evidence of its contents.  Federal

Defendants deny any allegation contrary to the document's plain language or meaning.  Federal Defendants deny all remaining allegations.

55.    The allegations in Paragraph 55 constitute conclusions of law, to which no response is required.

56.    The allegations contained in the second sentence of Paragraph 56 purport to quote from, and characterize the contents of, a Federal Register notice found at 73 Fed. Reg. 30504 (May 28, 2008), a document that speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the document's plain language or meaning.  Federal Defendants deny the allegations in the first, third, fourth, and fifth sentences.

57.    The allegations in Paragraph 57 constitute conclusions of law, to which no response is required.

58.    Federal Defendants deny the allegations contained in the first, second, fourth, fifth, and sixth sentences of Paragraph 58.  The allegations in the second sentence purport to characterize the contents of Plaintiffs' comments, which speak for themselves and constitute the best evidence of their contents.  Federal Defendants deny any allegation contrary to the comments' plain language or meaning.

59.    The allegations in Paragraph 59 constitute conclusions of law, to which no response is required.

60.    The allegations in the first and second sentences of Paragraph 60 purport to quote from, and characterize the contents of, a Federal Register notice found at 73 Fed. Reg. 30504 (May 28, 2008), a document that speaks for itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to the document's plain language or meaning.  Federal Defendants deny all remaining allegations.

### FIRST CAUSE OF ACTION

61.    Federal Defendants hereby incorporate by reference all preceding paragraphs.

62.    Federal Defendants deny the allegations in Paragraph 62.

### SECOND CAUSE OF ACTION

63.    Federal Defendants hereby incorporate by reference all preceding paragraphs.

64.    Federal Defendants deny the allegations in Paragraph 64.

### THIRD CAUSE OF ACTION

65.    Federal Defendants hereby incorporate by reference all preceding paragraphs.

66.    Federal Defendants deny the allegations in Paragraph 66.

### FOURTH CAUSE OF ACTION

67.    Federal Defendants hereby incorporate by reference all preceding paragraphs.

68.    Federal Defendants deny the allegations in Paragraph 68.

### FIFTH CAUSE OF ACTION

69.    Federal Defendants hereby incorporate by reference all preceding paragraphs.

70.    Federal Defendants deny the allegations in Paragraph 70.

### RELIEF REQUESTED

Paragraphs 71-74 of Plaintiffs' Complaint consist of Plaintiffs' Relief Requested, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraphs 71-74, or to any relief whatsoever.

### GENERAL DENIAL

Federal Defendants deny each and every allegation set forth in paragraphs 1 through 74

unless specifically admitted above.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Federal Defendants reserve the right to assert such affirmative defenses that may

appear applicable during the course of this litigation.

3.      Wherefore, Federal Defendants respectfully request that the Court dismiss the

Complaint in its entirety.

Respectfully submitted this 8th of August, 2008.

RONALD J. TENPAS
Assistant Attorney General

JEAN E. WILLIAMS
Chief, Wildlife & Marine Resources Section

s/ *Robert P. Williams*
ROBERT P. WILLIAMS, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0210 (ph)
(202) 305-0275 (fx)
robert.p.williams@usdoj.gov

**Attorneys for Federal Defendants**