UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SCOTT VAN VALIN, *et al.*,  )<br>                                                  )<br>           Plaintiffs,            )<br>                                                  )<br>     v.                                         )<br>                                                  )<br>CARLOS M. GUTIERREZ, Secretary of  )<br>the U.S. Department of Commerce,  )<br>                                                  )<br>           Defendant.           )<br>                                                  ) | Civil Action No. 08-941 (RMC) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs,[1] charter fishing operators in area 2C of Southeast Alaska, brought this suit challenging a Final Rule, 73 Fed. Reg. 30504 (May 28, 2008), issued by the Secretary of Commerce through the National Marine Fisheries Service ("NMFS").[2] The Final Rule limits the harvest of Pacific halibut to one halibut per calendar day by guided sport charter vessel anglers in Area 2C; it took effect on June 1, 2008. Simultaneously with the filing of this suit on June 2, 2008, Plaintiffs moved for a temporary restraining order and preliminary injunction, seeking to restrain enforcement of the Final Rule. The Court held hearings on June 4 and 10, 2008, and on June 11 the Court granted a temporary restraining order. The Court set a hearing on the request for preliminary injunction on June 20, 2008, and granted the injunction on that day. In addition to finding irreparable harm, the

---

[1] Plaintiffs are: Scott Van Valin, Ken Dole, Larry McQuarrie, Rick Bierman, Edwin Haney, Case Harris, Tom Ohaus, Carl Porter, Patty Seaman, Theresa Weiser, and Donald Westlund.

[2] NMFS is a division of the National Oceanic and Atmospheric Administration. Defendants include: Carlos Gutierrez, in his official capacity as Secretary of the Department of Commerce; Conrad Lautenbacher, Jr., in his official capacity as Administrator of the National Oceanic and Atmospheric Administration; and James Balsinger, in his official capacity as acting assistant administrator of the National Marine Fisheries Service.

Court found that Plaintiffs had made a clear showing of likelihood of success on the merits on their claim that the Secretary violated his own regulations contrary to the requirements of the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*; *see e.g., Ballard v. Comm'r of Internal Revenue*, 544 U.S. 40, 59 (2005) (federal agencies must follow their own rules).[3]

On June 18, 2008, after the temporary restraining order was in place and just two days prior to the preliminary injunction hearing, Proposed Intervenors filed a motion to intervene as defendants in this suit. *See* Mot. to Intervene [Dkt. # 19]. Proposed Intervenors were: (1) commercial fisherman Linda Behnken, David Gibson, and Sherri and Kurt Wohlhueter; (2) halibut processors North Pacific Seafoods, Inc., Seafood Producers Cooperative, and Halibut Association of North America; (3) subsistence fisherman Carolyn Heuer; (3) local communities City of Pelican and City of Port Alexander; and (4) charter boat operators Sandy Craig and Luke Wiedel. At the hearing on June 20, 2008, the Court denied the motion to intervene without prejudice, as the motion did not sufficiently describe the Proposed Intervenors and their alleged standing. *See* Minute Order filed June 20, 2008. Proposed Intervenors then refiled a revised version of their motion on June 23, 2008. This motion is currently before the Court. *See* Mot. to Intervene [Dkt. # 23].

An applicant may intervene as of right when the applicant (1) makes a timely motion; (2) has an interest relating to the property or transaction which is the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) where the applicant's interests are not adequately represented

---

[3] Plaintiffs' allegation that the Secretary violated his own rules arises from the allegation that the Final Rule was based on the 2003 guideline harvest level ("GHL") regulation, and yet it limited the halibut harvest by the charter sector in anticipation of the projected 2008 harvest. The 2003 regulation, interpreted in light of its preamble, permits regulating to a past GHL and not to a projected GHL.

by the existing parties. Fed. R. Civ. P. 24(a); *see also Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 6 (D.D.C. 2007). A court, in its discretion, also may permit intervention where the applicant (1) makes a timely motion; (2) has a claim or defense; and (3) that claim or defense shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b); *see also EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Plaintiffs do not object to the motion to intervene for the purpose of addressing the merits, but do object to intervention for the purpose of challenging the preliminary injunction.

The Court will allow permissive intervention, and not intervention as of right, with regard to the merits of this case, as this is a case of APA review of final agency rulemaking and NMFS will defend its Final Rule fully adequately. However, the Court will not permit intervention for the purpose of challenging the preliminary injunction for two reasons. First, the motion to intervene was not timely with regard to the preliminary injunction issue. The original motion was not filed until after the temporary restraining order and only two days before the preliminary injunction hearing. *See, e.g., Doe v. Duncanville Ind. School Dist.*, 994 F.2d 160, 167 (5th Cir. 1993) (district court properly denied motion to intervene as untimely when it was filed two days before the hearing on the motion for preliminary injunction). Second, the motion to intervene does not establish standing to intervene with regard to the preliminary injunction, as the Proposed Intervenors have not shown that they would be negatively impacted by the preliminary injunction. To demonstrate standing, a plaintiff must establish: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v.*

*Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Temporary injunctive relief in this case will not affect the quota of halibut allocated to commercial fisherman in 2008. The total allowable catch for the commercial sector was set by the International Pacific Halibut Commission ("IPHC")[4] and the Secretary for the 2008 season, and a delay in the effectiveness of the Final Rule will have no impact on the allowable harvest for the commercial sector for 2008. *See* 73 Fed. Reg. 12280 (Mar. 7, 2008). Thus, the 2008 commercial harvest will not be affected by the preliminary injunction. Therefore, the halibut processors to whom the commercial fisherman sell fish and the communities to whom they pay taxes will not be affected by the preliminary injunction. Similarly, there is no showing that Proposed Intervenor Carolyn Heuer, a subsistence fisherman, would be impacted by the preliminary injunction. Neither the preliminary injunction nor the Final Rule affects subsistence fisherman.[5] The charter boat operators who are Proposed Intervenors also have not shown any alleged harm that would be caused by an injunction delaying the effectiveness of the Final Rule. In fact, it appears they would benefit, like Plaintiffs in this action, from the injunction during the 2008 fishing season. In sum, Proposed Intervenors may not intervene for the purpose of challenging the preliminary injunction, as their motion to intervene was not timely with regard to that issue and they do not have standing to

---

[4] The IPHC was established under the Convention for the Preservation of the Halibut Fishery of the Northern Pacific Ocean and Bering Sea between the U.S. and Canada.

[5] Subsistence harvests are not restricted by the Final Rule. *See* 73 Fed. Reg. at 30518 (resp. to cmmt. 84). Also, the IPHC sets the constant exploitation yield ("CEY"), that is, the total amount of halibut that may be harvested by all fishing sectors — commercial, charter, unguided sport, and subsistence — in a given area in a given year. The IPHC deducts the subsistence catch from the total CEY along with other removals, so that the amount of charter halibut harvest does not impact the allowable subsistence harvest. *See* 73 Fed. Reg. at 30505.

intervene with regard to the temporary injunctive relief. However, they may intervene for the purpose of addressing the merits of this case.

For the reasons stated above, it is hereby

**ORDERED** that the motion to intervene [Dkt. # 23] is **GRANTED** in part and **DENIED** in part; and it is

**FURTHER ORDERED** that the Proposed Intervenors may intervene for the purpose of addressing the merits of this case,[6] but may not intervene for the purpose of challenging the preliminary injunction.

**SO ORDERED.**

Date: August 19, 2008
_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[6] The Court does not here make any findings with regard to the standing of Proposed Intervenors in relation to the merits of the case.