UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SCOTT VAN VALIN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 08-941 (RMC) |
| CARLOS M. GUTIERREZ, Secretary of the U.S. Department of Commerce, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Charter fishing operators[1] brought this suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Halibut Act, 16 U.S.C. §§ 773-773k, challenging a Final Rule issued by the Secretary of Commerce via the National Marine Fisheries Service ("NMFS"). The Final Rule, 73 Fed. Reg. 30504 (May 28, 2008),[2] limited the harvest of Pacific halibut to one halibut per calendar day by guided sport charter vessel anglers in Area 2C of Southeast Alaska. The intent of the regulation was to limit harvest in the charter sector to the guideline harvest level

---

[1] Plaintiffs are: Scott Van Valin, Ken Dole, Larry McQuarrie, Rick Bierman, Edwin Haney, Case Harris, Tom Ohaus, Carl Porter, Patty Seaman, Theresa Weiser, and Donald Westlund.

[2] While the Rule took effect on June 1, 2008, just ten days later this Court granted a temporary restraining order enjoining its enforcement. *See* Order filed June 11, 2008 [Dkt. # 8]; Amended Order filed June 13, 2008 [Dkt. # 10]. Then the Court granted a preliminary injunction. *See* Order filed June 20, 2008 [Dkt. # 22]. In addition to finding irreparable harm, the Court found that Plaintiffs had made a showing of likelihood of success on the merits on their claim that the Secretary violated his own regulations contrary to the requirements of the APA. *See, e.g., Ballard v. Comm'r of Internal Revenue*, 544 U.S. 40, 59 (2005) (federal agencies must follow their own rules).

established for 2008. 73 Fed. Reg. at 30505. The Secretary rescinded the Final Rule on September 11 of this year. *See* 73 Fed. Reg. 52795 (Sept. 11, 2008). As a result, the Federal Defendants[3] now move to dismiss this case as moot.[4] Plaintiffs oppose. As explained below, the motion to dismiss will be granted and the case will be dismissed without prejudice

The Complaint sets forth five counts: Count I alleges that the Final Rule violated the Halibut Act because it was not a fair and equitable allocation of the halibut resource between the commercial and the charter fishing sectors; Count II alleges that the Rule violated the APA because NMFS failed to provide an adequate explanation of why the Rule was fair and equitable; Count III alleges that the Rule violated the APA because it was inconsistent with 2003 regulations regarding guideline harvest levels found at 68 Fed. Reg. 47256 (Aug. 8, 2003); Count IV alleges that the Rule violated the APA because the NMFS failed to consider and respond to Plaintiffs' comments adequately during the rulemaking process; and Count V alleges that the Rule violated the APA because NMFS did not have good cause to waive the 30-day delayed effectiveness rule. The Secretary has now rescinded the Final Rule and plans to promulgate new regulations based on a different rationale. *See* Federal Defs.' Mot. to Dismiss at 7.

The Federal Defendants seek to dismiss, asserting that because the case is moot the Court lacks jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a

---

[3] NMFS is a division of the National Oceanic and Atmospheric Administration. The Federal Defendants include: Carlos Gutierrez, in his official capacity as Secretary of the Department of Commerce; Conrad Lautenbacher, Jr., in his official capacity as Administrator of the National Oceanic and Atmospheric Administration; and James Balsinger, in his official capacity as Acting Assistant Administrator of the National Marine Fisheries Service.

[4] The Intervenor-Defendants join in the motion to dismiss. *See* Intervenor-Defendants' Statement in Supp. [Dkt. # 33]; *see also* Mem. Op & Order filed Aug. 19, 2008 [Dkt. # 30] (granting permissive intervention).

court has "an affirmative obligation to insure that it is acting within the scope of its jurisdictional authority." *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 5 (D.D.C. 2004). Because Article III of the U.S. Constitution limits federal courts to deciding "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), a court must refrain from deciding a case if events have transpired such that the decision will neither "presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990).

A case is moot if a defendant can demonstrate that two conditions have been met: (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation; and (2) there is no reasonable expectation that the alleged wrong(s) will be repeated. *Doe v. Harris,* 696 F.2d 109, 111 (D.C. Cir. 1982) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). When both conditions are satisfied, the case is moot because neither party has a legally cognizable interest in the final determination of the underlying facts and law. *See id*. While a defendant's voluntary cessation of a challenged practice does not deprive a federal court of jurisdiction, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000), "[t]he case may nevertheless be moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'" *United States v. W.T. Grant Co.*, 345 U.S. 630, 633 (1953) (quoting *United States v. Aluminum Co. of Am.*, 148 F.2d 416, 448 (2d Cir. 1945)).

The rescission of the Final Rule has "completely and irrevocably eradicated" the effects of the alleged violations of the Halibut Act and the APA. *See Doe,* 696 F.2d at 111. The Final Rule's withdrawal moots the claims alleging violations of the APA with respect to the rulemaking process — Counts II, IV, and V of the Complaint. Further, the forthcoming promulgation of new regulations based on a different rationale moots Plaintiffs' claim under the

Halibut Act (Count I) and Plaintiffs' claim under the APA that the Secretary failed to follow the 2003 guideline harvest level rules in promulgating the Final Rule (Count III).

Plaintiffs argue that the Court should deny the motion to dismiss or hold it in abeyance because the new regulations may be similar to the rescinded Final Rule, and "[i]f the new rule contains the same substance and rationale as the withdrawn rule, the Court already has a full and complete record upon which to hear this case and base its decision." The Federal Defendants have asserted that any new regulation will be based on a different rationale, and Plaintiffs have given the Court no reason to question this assertion. Further, any new regulation would be based on a new administrative record, and the administrative record currently before the Court would be inapposite in any challenge to a new rule promulgated by new rulemaking.

Thus, the Federal Defendant's motion to dismiss [Dkt. # 32] will be granted, and this case will be dismissed without prejudice.[5] A memorializing order accompanies this Memorandum Opinion.

Date: November 18, 2008            _____/s/_____
                                   ROSEMARY M. COLLYER
                                   United States District Judge

---

[5] Although the Federal Defendants in their opening brief seek dismissal with prejudice due to lack of jurisdiction, Plaintiffs assert that a with-prejudice dismissal could have a *res judicata* effect on any claims Plaintiffs may wish to assert against the Secretary's planned new regulations. In their Reply, the Federal Defendants consent to dismissal without prejudice. Therefore, this dismissal is without prejudice.